Detinue for slaves, in which the following case agreed was submitted for the decision of the court. The negroes in controversy formerly belonged to Eri Barrow, who died in 1832, having previously made his will, of which he appointed his son Joseph W. Barrow, and his two sons-in-law, John Mardree and Alfred S. Barrow, executors, all of whom qualified. In clause 4 of the will the testator bequeathed as follows: "I lend to my daughter Nancy E. Barrow (now Moore) the following property (enumerating slaves and other personal property); also if my said daughter Nancy should depart this life without issue, then it is my will and desire, that her husband, William C. Moore, should have one-half of the property that I have lent to my daughter Nancy, but the property is to be held in trust by my executors until the death of my daughter Nancy, and then the half of the property is to be equally divided between her brother Joseph and her two sisters, Martha *Page 295 
Barrow and Rachel Mardree." William C. Moore, the husband of Nancy, departed this life in February, 1838, without issue, and his widow Nancy in July, 1839, without issue. After the death of the testator, the executors delivered over to William C. Moore the negroes mentioned in the clause of the will referred to, of whom the negroes in controversy were a part. Shortly after the (415) death of Nancy E. Moore the other legatees of the testator of whom the said Alfred S. Barrow, in right of his wife Martha, a daughter of the testator, was one, divided the said negroes among themselves, in which division two of the negroes now sued for were allotted to Joseph W. Barrow, in whose possession they continued until after the death of Alfred S. Barrow in February, 1842. The administrator of William C. Moore commenced a suit against the three executors of Eri Barrow for an undivided half of the negroes and other property mentioned in the said Clause 4 of the will, in which a recovery was effected. Alfred S. Barrow, the plaintiff's testator, died before the decision of that suit, which was continued against the other executors. Under an interlocutory order in that suit, the negroes mentioned in the said Clause 4 were divided by commissioners, in which division one-half the negroes were allotted to the estate of William C. Moore and one-half to Joseph W. Barrow, John Mardree, and the estate of Alfred S. Barrow. Of this latter half the negroes in controversy were a part. After this division had been made the same commissioners, on the same day, divided the negroes that had been allotted to Joseph W. Barrow, John Mardree and the estate of Alfred S. Barrow between said Joseph, John and the defendant, who is the widow of the said Alfred. After this the three negroes now in controversy went into the possession of the defendant and continued in her possession up to the commencement of this suit. At the last mentioned division the executor of Alfred S. Barrow was present and made no objection to it. The plaintiff is the administrator de bonis non, etc., of Alfred S. Barrow.
Upon this agreed case his Honor decided that the plaintiff was entitled to recover, and judgment being pronounced accordingly, the defendant appealed.
We agree with his Honor who tried this cause below. Alfred S. Barrow, the husband of defendant, was alive when Mrs. Moore died without issue. The executory devise over of the slaves had then become vested bequests to her brother and two sisters. Alfred S. Barrow, in right of his wife Martha, was then a tenant in common in possession *Page 296 
of the said slaves with those claiming under Joseph Barrow and the other sister, Rachel Mardree, and, on his death the slaves constituted a part of his personal estate and belonged to his administrator, and not to his wife. The fact of the administrator being present when the commissioners divided the slaves and put this share in the possession of the defendant, does not destroy his title to the same. It does not amount to either a gift, a sale or a release of the title to the slaves, as the defendant was but a volunteer and not a purchaser of the slaves. The judgment must be
PER CURIAM. Affirmed.
(418)